Filed 2/5/26  Foppiano v. Valera CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| LUIS FOPPIANO, et al.,<br><br>      Plaintiffs and Respondents<br><br>v.<br><br>. SUSAN VALERA,<br><br>      Defendant and Appellant, | A172112<br><br>(Mendocino County<br>Super. Ct. No. 21CV00971 |

### MEMORANDUM OPINION[1]

In this partition action, defendant Susan Valera (Valera) appeals from an interlocutory order granting summary judgment in favor of plaintiffs Louis M. Foppiano (individually and as trustee under the Helaine Noreen Foppiano and Louis Michael Foppiano 1997 Trust), Carol Ryan (individually and as trustee of the Rodney Foppiano Trust), Mark Trione (individually and as trustee of the Rodney Foppiano Trust), Paul Foppiano (individually), and Gina M. Hocker (individually and as trustee of the Gina Marie Hocker revocable Trust).  The defendants included Valera (individually and as

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(2).

1

trustee of the Foppiano Trust for the benefit of James Valera), and Joseph, James, and Anthony Valera.[2] We affirm.

The property at issue is a 5,200-acre parcel in Mendocino County. Numerous people and trusts hold interests in the property. All parties agree the property should be partitioned, but they disagree on the method by which the partition should be accomplished. Plaintiffs sought to have the property sold, with the proceeds divided among the interest holders in proportion to their interests. Valera, in contrast, sought to have the property physically divided in order to receive a separate parcel. She did so in an attempt "to retain ownership of the parcels containing [her] primary residence and improvements."[3] The trial court agreed with the plaintiffs, and it entered interlocutory summary judgment in their favor under Code of Civil Procedure, section 872.720.[4]

The law governing the selection of a method to partition property is straightforward. If the trial court finds that a plaintiff is entitled to partition, it may select partition " 'in kind'—i.e., physical division of the property [citation]—according to the parties' interests as determined in the interlocutory judgment. (§ 872.810; see § 873.210 et seq.) Alternatively, if the parties agree or the court concludes it 'would be more equitable,' the court

_____

[2] We refer to Joseph, James, and Anthony Valera by their first names so as not to confuse them with defendant. Judgment against Joseph was entered by default, and he did not appeal. James and Anthony participated in the trial court proceedings, but neither appealed.

[3] Plaintiffs alleged that Valera installed a modular home on the property's "best area" without their permission, and made further improvements over their objection. At oral argument, Valera claimed plaintiffs did not express objections until after she had installed the modular home.

[4] All statutory citations are to the Code of Civil Procedure.

may order the property sold and the proceeds divided among the parties. (§ 872.820; see § 873.510 et seq.)" (*Cummings v. Dessel* (2017) 13 Cal.App.5th 589, 597.) "Partition in kind is favored in law and in the absence of proof to the contrary the presumption in favor of in kind division will prevail. [Citation.] A forced sale is strongly disfavored," and the burden of proof is on the party trying to obtain such a sale. (*Butte Creek Island Ranch v. Crim* (1982) 136 Cal.App.3d 360, 365 (*Butte Creek*).) Still, " '[in] many modern transactions, sale of the property is preferable to physical division since the value of the divided parcels frequently will not equal the value of the whole parcel before division. Moreover, physical division may be impossible due to zoning restrictions or may be highly impractical, particularly in the case of urban property.' " (*Ibid*.)

There are generally two types of evidence that are sufficient to justify a partition by sale: evidence that the property is situated in such a way that division into subparcels of equal value "cannot be made," or evidence that "division of the land would substantially diminish the value of each party's interest." (*Butte Creek, supra,* 136 Cal.App.3d at pp. 366–367.) "[A] partition suit is in equity" and "[a] court of equity has broad powers and comparatively unlimited discretion to do equity." (*Richmond v. Dofflemyer* (1980) 105 Cal.App.3d 745, 766.)

The standards by which we review a summary judgment are also straightforward. Summary judgment is warranted if "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).) A party moving for summary judgment may meet its initial burden of production by showing "one or more elements of the cause of action . . . cannot be established"; the burden then shifts to the other party to

3

show a triable issue of material fact exists. (§ 437c, subd. (p)(2); see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 (*Aguilar*).) We consider all evidence in the light most favorable to the nonmoving party. (*Id.* at p. 843.) A dispute alone, however, is not sufficient to raise a triable issue of material fact; controverting *evidence* is required. (*Sinai Memorial Chapel v. Dudler* (1991) 231 Cal.App.3d 190, 196–197.)

As a court of review, we " 'independently review the parties' papers supporting and opposing [a motion for summary judgment], using the same method of analysis as the trial court. Essentially, we assume the role of the trial court and apply the same rules and standards.' " (*Apex Solutions, Inc. v. Falls Lake National Ins. Co.* (2024) 100 Cal.App.5th 1249, 1256.) The burden on appeal, however, "is on the objecting party to renew any relevant objections by arguing the issue with relevant authority and legal analysis." (*Taylor v. Financial Casualty and Surety, Inc.* (2021) 67 Cal.App.5th 966, 980.) Our review is limited to those issues that have been adequately raised and supported in the appellant's brief. (See *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 708 [judgment is presumed correct even on de novo review of a summary judgment].) Because the appellant has the burden affirmatively to demonstrate error, the appellant must identify a triable issue by citing the record. (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.) Specifically, to establish a disputed fact, the appellant must point to "*evidence* in the record." (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 178, fn. 4.)

An application of these standards here demonstrates that Valera's appellate claims are meritless. Valera asserts a general argument and several specific arguments, none of which are persuasive. Generally, she argues that the trial court "accepted [plaintiffs'] evidence at face value while

4

disregarding or minimizing [her] contradictory evidence." But the record shows that she did not object to the plaintiffs' evidence and that *none* of her alleged contradictory evidence was admitted into evidence, because the plaintiffs' objections to it were sustained. Not only did she fail to object to the plaintiff's evidence in the trial court, but she also does not challenge the evidentiary rulings on appeal with analysis and citations to legal authority. Her evidentiary arguments have therefore been doubly forfeited. (See *Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 452, fn. 3 [party's failure to object to evidence presented in connection with a motion for summary judgement bars evidentiary objections on appeal]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [party must reassert evidentiary objections on appeal to preserve them].) As a result, we are left with a record containing plaintiffs' unopposed evidence and no conflicting evidence.

Valera's specific arguments fare no better. She first disputes the trial court's finding that 11 people and entities hold interests in the property, insisting that there are instead "four to five." But the plaintiffs submitted evidence, including a title insurance guarantee, establishing that there were 10 interest holders when this action was initiated and that Valera transferred a part of her interest to Anthony while the case was being

litigated, creating an 11th one.[5]  Valera introduced no evidence in support of her claim that there are only four or five interest holders, and her statements to that effect in her appellate brief are not evidence.  (See *Smith, Smith & Kring v. Superior Court* (1997) 60 Cal.App.4th 573, 578.)

Valera also contends that "various portions of the property" could be suitable "for residential use."  And she maintains that the trial court failed to adequately consider the "proper treatment of timber rights for the approximately 2,500 acres designated as Timber Production Zone."  She presumably makes these arguments to advance a position that an in-kind partition could be accomplished in a way that would enable the owners to receive parcels with values proportionate to their interests.  But again, she produced no evidence regarding the property's residential potential or timber rights, and she fails to explain with meaningful analysis why these factors would compel the trial court to exercise its equitable discretion by granting an in-kind partition.

Valera also argues that the plaintiffs' experts "lacked qualifications in hydrology," but she does not cite to the record where she objected to the experts' qualifications, meaning she has once again forfeited the objection.  In

---

[5]  The 10 interest holders are:  (1) Susan Valera, with a 1/9th interest; (2) Susan Valera, as trustee of the Foppiano Trust for Susan Valera, with a 14.8155 percent interest; (3) Susan Valera, as trustee of the Foppiano Trust for James Valera, with a 2.4692 percent interest; (4) Joseph Valera, with a 3.7038 percent interest; (5) James Valera, with a 1.2346 percent interest; (6) Louis M. Foppiano and Helaine Noreen Foppiano as trustees of the Helaine Noreen Foppiano and Louis Michael Foppiano 1997 Trust, with a 1/9th interest; (7) Louis M. Foppiano, with a 22.22345 percent interest; (8) Carol Ryan and Mark Trione as the trustees of the Rodney Foppiano Trust, with a 1/9th interest; (9) Gina M. Hocker as trustee of the Gina Marie Hooker Trust, with an 11.1117 percent interest; and (10) Paul Foppiano, with an 11.111 percent interest.  During the pendency of this action, Valera transferred a 0.222 percent interest of her individual ownership to Anthony.

any event, we would reject the claim on its merits. One of the plaintiffs' witnesses to whom she refers is a licensed real estate appraiser and real estate agent, who has decades of experience and has been qualified as an expert witness in numerous jurisdictions. He personally "walked" the property for several hours on a couple of occasions. The other witness to whom she refers is a licensed surveyor, who has been employed at a civil-engineering firm since 2015, and his crew worked on the property. Both witnesses testified that the property "consists of steep and hilly areas, areas with oak and fir trees in a high fire area where in the past, livestock was grazed on it, seasonal creeks, heavy poison oak stands in many places and few level parts with limited water from a spring." This testimony about the property's characteristics was based on their observations and surveys, not on any particular expertise. (See *People v. McDonald* (1984) 37 Cal.3d 351, 366 [limitations on expert testimony do not apply when expert testifies as to facts within the expert's special knowledge], disapproved on other grounds in *People v. Mendoza* (2000) 23 Cal.4th 896, 912–915.) To the extent Valera disagreed with the testimony of these witnesses, she could (and should) have presented contrary evidence. In her appellate brief, Valera states that the "spring serving [her] residence . . . produces more than two gallons per minute during the dry season." Again, this assertion is not evidence, and does not in any event contradict the witnesses' testimony that the property has limited water sources and has other characteristics that leave it unamenable to an in-kind partition.

We agree with the trial court that the uncontradicted evidence shows that the property has numerous owners with unequal legal interests, varying topography and terrain, limited water sources, and little flat terrain. This evidence supported the court's conclusion that a partition in kind cannot be

accomplished equitably because the property cannot fairly be divided into parcels to reflect the various interests without diminishing the overall value of the property.  Despite Valera's conclusory assertion to the contrary, there was ample, and certainly substantial, evidence supporting the trial court's equitable determination to proceed with a partition by sale.  Valera has not met her burden of showing that a triable issue of material fact exists.  (See *Aguilar*, *supra*, 25 Cal.4th at p. 849.)

The trial court's October 8, 2024 order granting summary judgment in favor of plaintiffs is affirmed.

_____

Humes, P. J.

WE CONCUR:

_____

Banke, J.

_____

Smiley, J.

*Foppiano et al. v. Valera*  A172112